IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIYAN AN and her husband ZHE JIN,

      Plaintiffs,

vs.                                                       Civ. No. 00-147 JP/WWD ACE

REGENTS OF THE UNIVERSITY OF CALIFORNIA
d/b/a LOS ALAMOS NATIONAL LABORATORY,
THE UNITED STATES DEPARTMENT OF ENERGY,
ROBERT CARY, MORTON BRADBURY, and JOHN
E. "JACK" FOLEY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

      This matter comes before the Court upon Defendant Cary's Motion to Compel Discovery by Plaintiff An [docket no. 65]. Defendant Cary seeks full and complete responses to interrogatories numbered 2, 3, 4, 6, and 9; and to requests for production numbered 1, 2, and 7.

      In Interrogatory #2, Defendant seeks to require Plaintiff An to sign a medical records disclosure authorization as required by D.N.M. LR-Civ. 26.3(d). I will require Plaintiff to sign the form of release provided for in our Local Rules.

      Interrogatory #3 seeks the identity of financial institutions with which Plaintiff has dealt within the past five years. Where Plaintiff seeks economic damages, some inquiry into her finances may be appropriate; however, such a claim does not trigger a right on the part of the Defendant to make a microscopic examination of Plaintiff's finances. I will order that Interrogatory #3 be answered; however, I will not require the financial records disclosure authorization sought in Interrogatory #4, nor will I require the execution of the educational records disclosure authorization sought in Interrogatory #6. While it is true that "[d]efendant Cary is not

required by the Rules of Civil Procedure to take Plaintiff's allegations as fact", his being allowed "to test the waters" will be subjected to reasonable limits. Absent a showing that Defendant Cary's inquiries into Plaintiff An's former employers need to be explored in more detail, I will not require Plaintiff An to sign an employment records disclosure authorization which would give Defendant Cary blanket access to her employment records with each former employer. Plaintiff should answer Interrogatory #9 to the extent that she is able to do so with the exception of privileged communications, which should be addressed in a privilege log.

With respect to Request for Production #1, Plaintiff shall produce all medical records in her possession for treatment or services rendered to her in the past ten years. With request to Request for Production #2, Plaintiff shall produce all the sought records except those upon which she claims some privilege, and an appropriate privilege log shall accompany the records being produced. I will limit the production sought in Request for Production #7 to the tax returns sought, the financial statements sought, and the loan applications sought. The fact that Plaintiff may claim some economic damages does not mean that Defendant is entitled to audit all of Plaintiff's financial transactions.

Responses to interrogatories and requests for production as ordered above shall be made on or before November 15, 2000. Each party shall pay its own expenses and attorney fees in connection with this motion.

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE