IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JIYAN AN and ZHE JIN,

      Plaintiffs,

   vs.                                 CIV No. 00-147 JP/WWD-ACE

REGENTS OF THE UNIVERSITY OF
CALIFORNIA d/b/a LOS ALAMOS
NATIONAL LABORATORY, the UNITED
STATES DEPARTMENT OF ENERGY,
ROBERT CARY, MORTON BRADBURY,
and JOHN E. "JACK" FOLEY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jiyan An and Zhe Jin filed their Motion to Dismiss Count III and Plaintiff Zhe Jin (Doc. No. 64) on August 22, 2000. Count III is a claim under the Violence Against Women Act (VAWA), 42 U.S.C. §13981 (1994). Defendants Robert Cary and United States Department of Energy have stipulated to the Plaintiffs' current motion. The Defendants Regents of the University of California d/b/a Los Alamos National Laboratory, E. Morton Bradbury, and John E. Foley (Laboratory Defendants) do not oppose the dismissal of Count III with or without prejudice. However, the Laboratory Defendants do oppose the dismissal of Plaintiff Zhe Jin unless his claims are dismissed with prejudice. After a careful review of the motion and relevant law, I have determined that Plaintiffs' Motion to Dismiss should be granted.

## DISCUSSION

### I. Count III

Plaintiffs move to dismiss Count III of the complaint under Fed. R. Civ. P. 41(a)(2). Earlier this year, the United States Supreme Court held the civil remedy provision of the VAWA unconstitutional.  See United States v. Morrison, 120 S.Ct. 1740, 1759 (2000).  Consequently, Count III of the Plaintiff's complaint is invalid.  Count III will therefore be dismissed with prejudice.

### II. Plaintiff Zhe Jin

Additionally, Plaintiffs move to dismiss Plaintiff Zhe Jin without prejudice under Rule 41(a)(2).  Courts will ordinarily permit a plaintiff to dismiss an action without prejudice unless the defendant will be prejudiced.  See Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 357 (10th Cir. 1996).  In Phillips, the court looked to four, non-exclusive factors to determine whether to permit a plaintiff to dismiss his claims without prejudice.  The factors include:  the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; an insufficient explanation for the need for dismissal; and the present stage of litigation.  Id. at 358.  These factors are only guides, however, and need not all be resolved in one party's favor.  Id.  Looking to these factors, the Laboratory Defendants will not be prejudiced by the dismissal of Plaintiff Zhe Jin without prejudice.

The Laboratory Defendants have not demonstrated great effort or expense in preparation of their case against Plaintiff Zhe Jin.  The discovery deadline is set for December 15, 2000 and Plaintiff Zhe Jin has yet to engage in any discovery activity.  Moreover, since the Laboratory Defendants will necessarily engage in discovery related to the claims of Plaintiff Jiyan An, a

minimal amount of effort and expense will be forfeited should Plaintiff Zhe Jin be dismissed without prejudice and later reactivate his claims.  The Laboratory Defendants, however, assert that a dismissal without prejudice is "not a good allocation of judicial resources."  (Laboratory Defendants' Response at 3).  Contrary to this assertion, the important factors in determining legal prejudice are those involving the parties, not the court's time or effort spent on the case. Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir.1993).

Furthermore, there has not been excessive delay or a lack of diligence on the part of the Plaintiffs.  The Plaintiffs' complaint was filed February 4, 2000.  Since that time, Plaintiffs have remained persistent in their efforts to move their cause of action forward.

The Plaintiffs also set forth a reasonable explanation for the need for dismissal of Plaintiff Zhe Jin without prejudice.  A Kansas district court held that dismissal without prejudice can be reasonable if based on the plaintiff's personal reasons.  See Sump v. Clay County Conservation Dist., 2000 U.S. Dist. Lexis 941 (D. Kan. 2000).  In this case, Plaintiff Zhe Jin recently changed employment and currently resides in another state.  He contends that the time and financial burden involved in continuing his case would "adversely affect his new position."  (Plaintiffs' Reply at 4).  The Court finds Plaintiff Zhe Jin's argument persuasive and his arguments reasonable.

Finally, the present case is in the early stages of litigation.  As stated earlier, the discovery deadline is December 15, 2000 and the trial, itself, is not scheduled until May 7, 2001.  The prejudice to the Laboratory Defendants at this early stage of litigation will be minimal and the parties will not be adversely affected.

IT IS THEREFORE ORDERED that:

(1) Count III of the complaint is DISMISSED with prejudice; and

(2) Plaintiff Zhe Jin is DISMISSED from the complaint without prejudice.

_____
CHIEF UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Counsel for Plaintiffs: | Ronald M. Greenspan and Barbara L. Mulvaney<br>Greenspan & Mulvaney, P.C.<br>Santa Fe, New Mexico |
| Counsel for Lab Defendants : | Scott D. Gordon<br>Rodey, Dickason, Sloan, Akin & Robb<br>Albuquerque, New Mexico |
| | Laurie A. Gallegos<br>LANL Legal Office<br>Los Alamos, New Mexico |
| | Bruce L. Herr<br>LANL Office of Laboratory Counsel<br>Los Alamos, New Mexico |