IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIYAN AN and ZHE JIN,

    Plaintiffs,

vs.                                            Civ. No. 00-147 JP/WWD (ACE)

REGENTS OF THE UNIVERSITY
OF CALIFORNIA d/b/a LOS ALAMOS
NATIONAL LABORATORY, UNITED
STATES DEPARTMENT OF ENERGY,
ROBERT CARY, MORTON BRADBURY,
and JOHN E. "JACK" FOLEY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On August 29, 2000, the Defendants Regents of the University of California d/b/a Los Alamos National laboratory, Bradbury, and Foley (collectively the Lab Defendants) filed a Motion to Dismiss and to Compel Discovery (Doc. No. 66).  Having reviewed the briefs and relevant law, I find that the Motion to Dismiss and to Compel Discovery should be granted in part.

The Lab Defendants move the Court to compel Plaintiff Jiyan An to 1) make complete initial disclosures as required by Fed. R. Civ. P. 26(a)(1) and D.N.M. LR-Cv 26.3(d), and 2) produce the documents requested in Request No. 5 of the Lab Defendants' First Request to Plaintiffs for Production of Documents.  The Lab Defendants also move to dismiss the claims of Plaintiff Zhe Jin with prejudice for his failure to provide discovery, or in the alternative, to compel Plaintiff Zhe Jin to make his initial disclosures as required by Fed. R. Civ. P. 26(a)(1) and D.N.M. LR-Cv 26.3(d), and to respond to the Lab Defendants' First Request to Plaintiffs for Production of Documents.  Additionally, the Lab Defendants request an award of attorney's fees and costs

for bringing this motion to dismiss and compel discovery.

**I. Discussion**

    **A. Plaintiff An**

        **1. Initial Disclosures**

The Lab Defendants argue that Plaintiff Jiyan An has not complied with D.N.M. LR-Cv 26.3(d). D.N.M. LR-Cv 26.3(d) states that

> In all cases in which the physical or mental medical condition of a party is an issue, the party must:
> (1) produce a list of the name, address and phone number of any healthcare provider, including without limitation, any physicians, dentists, chiropractors, mental health counselors, clinics and hospitals which have treated the party within the last 10 years;
> (2) produce any records already in that party's possession;
> (3) execute and produce a medical authorization release form as set forth in appendix "A".

Plaintiff Jiyan An contends that she has produced all of her medical records for the last ten years except for those medical records relating to a pregnancy in 1990 and 1991. Plaintiff Jiyan An believes that the pregnancy records are not relevant to the alleged sexual harassment and abuse Plaintiff Jiyan An suffered beginning in 1997.

D.N.M. LR-Cv 26.3(d) requires Plaintiff Jiyan An to produce "any" medical records in her possession. Accordingly, Plaintiff Jiyan An must produce the pregnancy records if she possesses them.[1] Moreover, D.N.M. LR-Cv 26.3(d) requires that Plaintiff Jiyan An execute and produce a medical authorization release. Plaintiff Jiyan An has not done so in this case. Plaintiff Jiyan An

---

[1] The Lab Defendants also suggest that the medical records Plaintiff Jiyan An did produce are incomplete. Not being able to determine if Plaintiff Jiyan An's production of medical records to date is incomplete, I remind Plaintiff Jiyan An that she must fully comply with the discovery requirements found in the Federal Rules of Civil Procedure or else face serious sanctions.

must, therefore, execute and produce a medical authorization release to comply with D.N.M. LR-Cv 26.3(d).

Aside from the issue of whether Plaintiff Jiyan An has complied with D.N.M. LR-Cv 26.3(d), Plaintiff Jiyan An argues that the 1990-91 pregnancy records are not relevant to this lawsuit. As the Lab Defendants state, the central issue in this case is whether Plaintiff Jiyan An had a consensual sexual relationship with Defendant Cary. According to the Lab Defendants, Plaintiff Jiyan An saw a physician to discuss methods of birth control shortly after her sexual relationship with Defendant Cary began. The doctor apparently stated that "having another child would be devastating for her."[2] This remark could be related to Plaintiff Jiyan An's reluctance to become pregnant by Defendant Cary or in response to her 1990-91 pregnancy which the Lab Defendants believe was "difficult." Production of the 1990-91 pregnancy records could shed light on the meaning of the doctor's remark and how it reflected on Plaintiff Jiyan An's mental state at that time. Since Plaintiff Jiyan An is claiming an intentional infliction of emotional distress caused by her relationship with Defendant Cary, evidence helpful in determining Plaintiff Jiyan An's mental state with respect to the sexual consequences of that relationship is relevant to this case. *See Biliske v. American Live Stock Ins. Co.*, 73 F.R.D. 124, 125 (D.C. Okl. 1977)("[r]elevancy is broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action."). For these reasons, I find that Plaintiff Jiyan An should be compelled to produce any medical records in her possession including the 1990-91 pregnancy

---

[2]This quotation is made in the text of the Lab Defendants' reply brief without citation.

3

records, and execute as well as produce a medical authorization release.[3]

### 2. Request No. 5 of Lab Defendants' First Request to Plaintiffs for Production of Documents

Request No. 5 asks Plaintiff Jiyan An to "produce all tax returns you have submitted to any governmental agency since January 1, 1997." Plaintiff's Response to Laboratory Defendants' First Request to Plaintiffs for Production of Documents at ¶5 (attached as Ex. 5 to Memorandum in Support of Motion to Dismiss and to Compel Discovery (Doc. No. 67), filed Aug. 29, 2000). Plaintiff Jiyan An objected to Request No. 5 based on a "qualified/quasi privilege as to such documents and the recognized policy that seeks to avoid the unnecessary disclosure of tax returns." *Id.* Plaintiff Jiyan An also objected to Request No. 5 because it is not reasonably calculated to lead to admissible evidence. *Id.*

Although tax returns are not privileged from discovery, "as a matter of policy, great caution should be exercised in ordering the disclosure of tax returns." *Terwilliger v. York Intern. Corp.*, 176 F.R.D. 214, 216 (W.D. Va. 1997). To determine if tax returns should be disclosed, "[t]he court must determine whether (1) the tax return is relevant to the subject matter in dispute; and (2) a compelling need exists for the return, because the information sought is not obtainable from other sources." *Id.* at 217. The party seeking discovery of tax returns bears the burden of showing the relevance of those tax returns while the opposing party bears the burden of identifying an alternative source for the information. *Id.*

Here, the Lab Defendants argue that Plaintiff Jiyan An's tax returns are relevant because she placed her income at issue by alleging in the complaint that she was afraid of losing her job if

---

[3]Executing and producing a medical authorization release does not mean that the information obtained through the medical authorization release is necessarily admissible at trial.

she did not submit to Defendant Cary, she was afraid if her husband left her due to her relationship with Defendant Cary she would have to support herself, and she suffered lost wages. I agree with the Lab Defendants.  Plaintiff Jiyan An's tax returns are relevant to this lawsuit.  *See Biliske*, 73 F.R.D. 124, 126n.1 ("Where the litigant himself tenders an issue as to the amount of his income, there is no privilege against disclosure of his tax returns and they become legitimate subjects of inquiry under discovery procedure.").

Plaintiff Jiyan An argues, however, that the Lab Defendants would know how much she earned while employed at the Los Alamos National Laboratory (LANL).  *See Terwilliger*, 176 F.R.D. at 217 (party seeking tax returns but having access to that information was denied production of tax returns).  Moreover, Plaintiff Jiyan An states that the Lab Defendants obtained information from her deposition regarding her employment after working at LANL.  I find that Plaintiff Jiyan An has carried her burden of showing that there are alternative sources for the information the Lab Defendants seek in her tax returns.  Consequently, Plaintiff Jiyan An will not be compelled to produce her tax returns in response to Request No. 5 of the Lab Defendants' First Request to Plaintiffs for Production of Documents.

### B.  Plaintiff Zhe Jin

Plaintiff Zhe Jin has been dismissed as a plaintiff in this case.  Plaintiff Zhe Jin, therefore, need not respond to any outstanding discovery.  This motion to dismiss and compel discovery will be denied as to Plaintiff Zhe Jin.

### C.  Attorney's Fees and Costs

Because the Lab Defendants are only partially successful in bringing their motion to dismiss and compel discovery, I find that an award of attorney's fees and costs is unwarranted.

**IT IS ORDERED** that the Lab Defendants' Motion to Dismiss and to Compel Discovery (Doc. No. 66) is granted in part in that:

1. Plaintiff Jiyan An must produce to the Lab Defendants any medical records in her possession including the 1990-91 pregnancy records by December 1, 2000;

2. Plaintiff Jiyan An must execute and produce to the Lab Defendants a medical authorization release by December 1, 2000; and

3. the Lab Defendants' request for attorney's fees and costs is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Counsel for Plaintiffs: | Ronald M. Greenspan and Barbara L. Mulvaney<br>Greenspan & Mulvaney, P.C.<br>Santa Fe, New Mexico |
| Counsel for Lab Defendants : | Scott D. Gordon<br>Rodey, Dickason, Sloan, Akin & Robb<br>Albuquerque, New Mexico<br><br>Laurie A. Gallegos<br>LANL Legal Office<br>Los Alamos, New Mexico<br><br>Bruce L. Herr<br>LANL Office of Laboratory Counsel<br>Los Alamos, New Mexico |