IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIYAN AN and her husband, ZHE JIN,

    Plaintiffs,

vs.                                                                                                  Civ. No. 00-147 JP/WWD

REGENTS OF THE UNIVERSITY OF
CALIFORNIA d/b/a LOS ALAMOS
NATIONAL LABORATORY, the UNITED
STATES DEPARTMENT OF ENERGY,
ROBERT CARY, MORTON BRADBURY,
and JACK FOLEY,

    Defendants.

MEMORANDUM OPINION AND ORDER

On December 1, 2000, Prudential Property & Casualty Insurance Company (Prudential) filed an uncontested Motion to Intervene to File Declaratory Action (Doc. No. 106). Prudential moves to intervene under Fed. R. Civ. P. 24(a)(2) and (b)(2).[1] Rules 24(a)(2) and (b)(2) allow for intervention as a matter of right and with permission of the court. Although the motion to intervene is not contested, upon review of the motion[2] and the relevant law, I find that the motion to intervene should be denied.

Background

Prudential is Defendant Robert Cary's homeowner's insurer. Prudential's proposed complaint for declaratory judgment states that Defendant Cary presented Prudential with a

---

    [1]Prudential uses some joinder language without citation in its motion to intervene. However, since this motion is titled "Motion to Intervene to File Declaratory Action," and the citations in it are to the intervention rules, I will treat this motion as solely a motion to intervene.

    [2]The motion to intervene refers to a supporting memorandum, but Prudential did not file a supporting memorandum.

demand for defense under his homeowner's policy.  Prudential accepted the demand for defense "with a reservation of rights pending the outcome of the declaratory judgment action."  Exhibit 1 at ¶8 (attached to motion to intervene).  Prudential also alleges in its proposed complaint for declaratory judgment that it does not owe indemnity coverage to Defendant Cary.

Discussion

    a.  Intervention as a Matter of Right

Rule 24(a)(2) states that intervention shall be permitted "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."  Judge Vasquez held in *Nieto v. Kapoor*, 61 F.Supp.2d 1177, 1193 (D.N.M. 1999) that an insurer cannot intervene as a mater of right to adjudicate coverage issues.  *Id.* (citing *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629 (1st Cir. 1989); *Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.*, 725 F.2d 871 (2nd Cir. 1984)).  Judge Vasquez also indicated that an insurer cannot intervene as a mater of right to adjudicate whether the insurer must provide the insured with a defense.  *Id.* at 1194 (discussing why holdings or reasoning of *Davila v. Arlasky*, 141 F.R.D. 68 (N.D. Ill. 1991); *American Home Products Corp. v. Liberty Mutual Ins. Co.*, 748 F.2d 760 (2nd Cir. 1984); and *Knapp v. Hankins*, 106 F.Supp. 43 (E.D. Ill. 1952) are not persuasive). *See also Dingwell*, 884 F.2d at 639 (it is a "well-established policy that an insurer who reserves the right to deny coverage cannot control the defense of a lawsuit brought against its insured by an injured party.").  Following *Nieto*, I find that intervention as a matter of right should be denied.

B.  Permissive Intervention

Rule 24(b)(2) permits intervention "when an applicant's claim or defense and the main action have a question of law or fact in common."  Rule 24(b)(2) also states that "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  Here, the main action involves liability issues, "not the respective rights and obligations of an insured and his insurer[] under their insurance policy."  *Dingwell*, 884 F.2d at 640.  Moreover, Prudential's interests are antagonistic to those of Defendant Cary. Allowing Prudential to intervene may prejudice the adjudication of Defendant Cary's rights in the main action.  For these reasons, I find that permissive intervention is not warranted.

IT IS ORDERED that Prudential's Motion to Intervene to File Declaratory Action (Doc. No. 106) is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE