IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIYAN AN,

        Plaintiff,

v.                                                   No. Civ 00-0147 JP/WWD ACE

REGENTS OF THE UNIVERSITY
OF CALIFORNIA d/b/a LOS ALAMOS
NATIONAL LABORATORY, the UNITED
STATES DEPARTMENT OF ENERGY,
ROBERT CARY, MORTON BRADBURY,
and JOHN E. "JACK" FOLEY,

        Defendants.

MEMORANDUM OPINION AND ORDER

     Plaintiff objects to two orders by Magistrate Judge Garcia that were filed on January 11, 2001 (Doc. Nos. 133 and 134). On January 5, 2001 Defendant Bradbury filed a Motion for Protective Order (Doc. No. 119) asking the Court to vacate his deposition set for January 22, 2001 because of a scheduling conflict. On January 22, 2001, Defendant Bradbury's attorney, Scott D. Gordon, was to appear before the Tenth Circuit Court of Appeals. In addition, counsel for Defendant Department of Energy also had obligations that prevented their attendance at the January 22, 2001 deposition. Having found good cause, Magistrate Judge Garcia granted Defendant Bradbury's Motion for Protective Order and admonished counsel to confer amongst themselves so that they could identify a mutually satisfactory date for the rescheduled deposition. Order Granting Emergency Relief on Motion for Protective Order (Doc. No. 133), filed Jan. 11, 2001.

On January 10, 2001, Plaintiff filed an Emergency Motion for Protective Order and Notice of Non Appearance (Doc. No. 129) which sought to reschedule Zhe Jin's deposition set for January 13, 2001 in Philadelphia, Pennsylvania. Plaintiff's attorney, Ronald M. Greenspan, attested to his discovery of a conflict of interest that would make his simultaneous representation of Plaintiff An and Mr. Jin untenable. Mr. Greenspan also indicated that he had difficulties in procuring local counsel for Mr. Jin in Philadelphia. After initially denying Plaintiff's Emergency Motion for Protective Order on January 11, 2001, Magistrate Judge Garcia filed an Order of Reconsideration (Doc. No. 134) granting Plaintiff's Emergency Motion for Protective Order. In his Order of Reconsideration, Magistrate Judge Garcia concluded that, given the likelihood of an extension of the discovery deadline originally set for January 31, 2001, the potential conflict in Mr. Greenspan's representation of Mr. Jin warranted granting of the Emergency Protective Order.

Plaintiff objects to Magistrate Judge Garcia's Order Granting Emergency Relief on Motion for Protective Order (Doc. No. 133) on the ground that Magistrate Judge Garcia did not conduct a hearing on the January 5, 2001 Motion for Protective Order (Doc. No. 119). Plaintiff asserts that she was wrongfully deprived of an opportunity to be heard even though all the necessary parties were available for a hearing. In response to Plaintiff's objections, the Laboratory Defendants argue that under Fed. R. Civ. P. 72(a) a Magistrate Judge's order cannot be modified or set aside unless it is "clearly erroneous or contrary to law." Noting that the intended effect of the "clearly erroneous" standard is to give the Magistrate Judge "a free hand in managing discovery issues," Laboratory Defendants assert that second-guessing the decisions of a Magistrate Judge is permissible only in the most extreme circumstances. See Weekoty v. United States, 30 F. Supp.2d 1343, 1343 (D.N.M. 1998) (quoting R. Marcus & E. Sherman, COMPLEX

LITIGATION at 643 (1985)). To overturn a Magistrate Judge's decision the reviewing court must have a "definite and firm conviction that a mistake has been committed." <u>Ocelot Oil Corp. v. Sparrow Indus.</u>, 847 F.2d 1458, 1464 (10th Cir 1998) (<u>quoting</u> <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 395 (1948)). Another, more palpable, description of the necessary perception that error has been committed is stated as follows: "To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week old, unrefrigerated dead fish." <u>Parts & Elec. Motors, Inc. v. Sterling Elec. Inc.</u>, 866 F.2d 228, 233 (7th Cir. 1988).

  The odor of long-expired fish is not perceptible with respect to the Order Granting Emergency Relief on Motion for Protective Order (Doc. No. 133). The evidence provided by Plaintiff in her objections does not engender a "definite and firm conviction" that she has in fact been treated unfairly. Plaintiff's failure to articulate the arguments she supposedly would have made at a hearing in response to Defendant's Motion for Protective Order (Doc. No. 119), leaves this Court with an insufficient basis for concluding that Magistrate Judge Garcia's Order was "clearly erroneous."

  In an attempt to justify her objection to Magistrate Judge Garcia's Order of Reconsideration and Granting Motion for Protective Order (Doc. No. 134), Plaintiff suggests that the Order effectively "stripped away the agreements of the Parties" and is consequently improper. This objection also suffers from lack of relevant support. Plaintiff's account of the discovery undertaken in this case is irrelevant to the evaluation of Magistrate Judge Garcia's Order of Reconsideration. Plaintiff has in fact obtained what she originally sought, i.e. postponement of Zhe Jin's deposition. Nevertheless, Plaintiff now burdens the Court with an objection which she

fails to support with any significant evidence that she has suffered harm or has been prejudiced by the Order of Reconsideration.  Plaintiff, therefore, has failed to convince this Court that any clear error was committed by Magistrate Judge Garcia in his Order of Reconsideration.

    IT IS ORDERED that Plaintiff's Objections to Magistrate Judge Garcia's Order File Stamped January 11, 2001 on Defendant Bradbury's Motion for Protective Order and Order Filed Stamped January 11, 2001 on Reconsideration and Granting Motion for Protective Order on Deposition of Zhe Jin (Doc. No. 152) are denied.

    IT IS FURTHER ORDERED that Magistrate Judge Garcia's January 11, 2001 Order Granting Emergency Relief on Motion for Protective Order (Doc. No. 133), and Order of Reconsideration and Granting Motion for Protective Order (Doc. No. 134) are both affirmed.

_____
CHIEF UNITED STATES DISTRICT JUDGE