IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIYAN AN,

        Plaintiff,

v.                                  No. Civ 00-0147 JP/WWD ACE

REGENTS OF THE UNIVERSITY
OF CALIFORNIA d/b/a LOS ALAMOS
NATIONAL LABORATORY, the UNITED
STATES DEPARTMENT OF ENERGY,
ROBERT CARY, MORTON BRADBURY,
and JOHN E. "JACK" FOLEY,

        Defendants.

MEMORANDUM OPINION AND ORDER

      On March 2, 2001, the Plaintiff filed her Objections to Magistrate Judge Deaton's Order File Stamped February 15, 2001 on Plaintiffs' Motion to Compel (Doc. No. 191). The Plaintiff objects to that portion of Judge Deaton's Order which denied the production of a Los Alamos National Laboratory (LANL) video tape on sexual harassment, a LANL report on racial profiling, and documents related to the Defendant Department of Energy's (DOE) recent "standdown" at LANL.

      Under Fed. R. Civ. P. 72(a) a Magistrate Judge's order cannot be modified or set aside unless it is "clearly erroneous or contrary to law." Second-guessing the decisions of a Magistrate Judge is permissible only in the most extreme circumstances. See Weekoty v. United States, 30 F. Supp.2d 1343, 1343 (D.N.M. 1998) (quoting R. Marcus & E. Sherman, COMPLEX LITIGATION at 643 (1985)). To overturn a Magistrate Judge's decision the reviewing court must have a "definite and firm conviction that a mistake has been committed." Ocelot Oil Corp.

v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir 1998) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).  Another, more palpable, description of the necessary perception that error has been committed is stated as follows: "To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week old, unrefrigerated dead fish."  Parts & Elec. Motors, Inc. v. Sterling Elec. Inc., 866 F.2d 228, 233 (7th Cir. 1988).

    1.  The Video Tape

The Defendant Board of Regents of University of California (UC) produced the requested video tape.  However, the Plaintiff is now aware of another video tape which was not produced.  The Plaintiff wants UC to produce this second video tape as well.  UC objects to producing the second video tape on the grounds of relevance.  UC argues that LANL never used the second video tape and the second video tape is outside the time-frame of the matters at issue in this lawsuit.

Plaintiff's Request for Production No. 3 asks for a copy of a publication known as "A Fine Line" and all documents related to it. *See* Plaintiff An's First Request for Production of Documents to Defendant Regents of California d/b/a Los Alamos National Laboratory.  "Documents"as defined in Plaintiff An's First Request for Production of Documents to Defendant Regents of California d/b/a Los Alamos National Laboratory include "without limitation" video tapes.  UC eventually produced the first LANL video tape in response to Request for Production No. 3.

UC originally objected to Request for Production No. 3 on the basis that the request was overlybroad and UC made a good faith effort to respond to the request.  Judge Deaton sustained

2

these objections.  I agree with Judge Deaton. Request for Production No. 3 is overlybroad. Moreover, there is no reason to doubt that at the time UC first objected to Request for Production No. 3, it had made a good faith effort to comply with that Request.  Consequently, Judge Deaton's decision to sustain the objections to Request for Production No. 3 was not clearly erroneous or contrary to law.

    2.  The LANL Racial Profiling Report[1] and "Standdown" Documents

    The Plaintiff's request for the LANL racial profiling report is made under Requests for Production Nos. 11 and 12.  Requests for Production Nos. 11 and 12 ask for all documents concerning the termination, reassignment, and resignation of Asians or Asian Americans from LANL from January 1, 1997 through December 31, 1999.  Request for Production No. 16 pertains to the "standdown" documents and specifically asks for copies of all DOE directives, instructions, statements and related documents on the employment of foreign nationals from January 1, 1995 to the present.  UC objected to Requests for Productions Nos. 11, 12, and 16 on the basis of relevance.  UC argued that racial discrimination is not the subject of this lawsuit because it is not alleged in the EEOC charge and the causes of actions in the Complaint do not allege racial discrimination.  UC, however, acknowledges that in ¶64 of the Complaint Plaintiff mentions, as background information, that ethnicity could have been a reason why LANL allegedly failed to respond properly to the Plaintiff's allegations of sexual harassment.

    Judge Deaton sustained UC's objections to Requests for Production Nos. 11, 12, and 16 because this lawsuit is clearly pled only as a sexual harassment lawsuit.  I agree with Judge

---

[1] UC has already produced the DOE's Final Report of the Task Force Against Racial Profiling (January 2000) and LANL's Asian Pacific Islanders Report.

Deaton's determination. Paragraph 64 of the Complaint does not change the nature of this lawsuit to include a charge of racial discrimination. Judge Deaton's decision to sustain the objections to Requests for Production Nos. 11, 12, and 16 is, therefore, not clearly erroneous or contrary to law.

IT IS ORDERED that Plaintiff's Objections to Magistrate Judge Deaton's Order File Stamped February 15, 2001 on Plaintiffs' Motion to Compel (Doc. No. 191) are denied.

IT IS FURTHER ORDERED that Magistrate Judge Deaton's Order (Doc. No. 180) is affirmed.

_____
CHIEF UNITED STATES DISTRICT JUDGE