IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIYAN AN,

    Plaintiff,

vs.                                                                 Civ. No. 00-147 JP/WWD (ACE)

REGENTS OF THE UNIVERSITY
OF CALIFORNIA d/b/a LOS ALAMOS
NATIONAL LABORATORY, UNITED
STATES DEPARTMENT OF ENERGY,
ROBERT CARY, MORTON BRADBURY,
and JOHN E. "JACK" FOLEY,

    Defendants.

MEMORANDUM OPINION AND ORDER

On April 19, 2000, Defendant United States Department of Energy (DOE) filed Defendant United States Department of Energy's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) or, in the Alternative, Motion for Summary Judgment (Doc. No. 26). On July 11, 2000, I entered an Agreed Order (Doc. No. 56) staying ruling on the DOE's motion until the parties completed further discovery, and allowing the parties to supplement their briefs once they completed the additional discovery. The DOE and the Plaintiff have now supplemented their briefs making the motion ripe for ruling and I conclude that it should be granted.

A. Background

This is a sexual harassment case brought by a female employee of the Los Alamos National Laboratories (LANL) against various Defendants. The Plaintiff is suing the DOE for sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, as amended. Count I of the Complaint for Damages and Demand for Trial by Jury (Doc. No. 1)(Complaint),

filed Feb. 4, 2000.  The Plaintiff is also suing the DOE under the New Mexico Human Rights Act for sexual harassment, discrimination, and retaliation.  Count II of the Complaint.  Finally, the Plaintiff is suing the DOE for intentional infliction of emotional distress.  Count V of the Complaint.

The DOE argues that the Plaintiff has failed to state a claim against the DOE for violating Title VII because the Plaintiff and Defendant Cary, the Plaintiff's supervisor accused of sexually harassing the Plaintiff, are not employees of the DOE.  The DOE further argues that the Title VII claim against the DOE is subject to dismissal because even if the Plaintiff was a federal employee, she failed to exhaust her administrative remedies with respect to the Title VII claim.  In addition, the DOE argues that this Court lacks jurisdiction over the Plaintiff's tort claims against the DOE for the following reasons:  1) the Plaintiff has not exhausted her administrative remedies under the Federal Tort Claims Act (FTCA); 2) the FTCA does not apply to the alleged negligence of employees of an independent contractor; and 3) intentional torts committed by federal employees are specifically excluded from the waiver of governmental immunity under the FTCA.

B.  Standard of Review for Summary Judgment

Since I have considered evidence outside the pleadings in analyzing this motion, I will treat this motion as a Rule 56 motion for summary judgment.  *See* Fed. R. Civ. P. 12(b). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial

burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

C.  Discussion

    1.  Whether the Plaintiff has a Title VII claim against the DOE.

    42 U.S.C. §2000e-16(a) prohibits discriminatory practices against federal employees and provides "the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. General Services Administration*, 425 U.S. 820, 835 (1976). Section 2000e-16 applies to

> "only those individuals in a direct employment relationship with a government employer. Individuals who are independent contractors or those not directly employed by such an employer are unprotected. Status as an employee is therefore of crucial significance for those seeking to redress alleged discriminatory actions in federal government."

*Spirides v. Reinhardt*, 613 F.2d 826, 829 (D.C. Cir. 1979). Section 2000e-16 should "be strictly construed to limit remedies to persons who are clearly under the control of the federal government." *Mares v. Marsh*, 777 F.2d 1066, 1068 (5th Cir. 1985). For the Plaintiff to bring a Title VII action against the DOE under §2000e-16, the Plaintiff must show that her employer, the University of California (UC), does not have an independent contractor relationship with the

3

DOE, thereby making Defendant Cary and the Plaintiff both essentially federal employees of the DOE.

DOE argues that the Plaintiff is not a federal employee because UC has an independent contractor relationship with the DOE.  The Plaintiff contends first that UC is not an independent contractor but is actually an agent of DOE thereby making the Plaintiff a federal employee.  The "distinction between the servant or agent relationship and that of independent contractor turn[s] on the absence of authority in the principal to control the physical conduct of the contractor in performance of the contract." *Logue v. United States*, 412 U.S. 521, 527 (1973).  "The key inquiry under this control test is whether the Government supervises the day-to-day operations of the individual." *Lurch v. United States*, 719 F.2d 333, 337 (10th Cir. 1983)(citing *United States v. Orleans*, 425 U.S. 807, 815 (1976)).  Other factors to consider when determining if an employer is an independent contractor include, but are not limited to, the following:

> (1) the intent of the parties; (2) whether the United States controls only the end result or may also control the manner and method of reaching the result; (3) whether the person uses h[is] own equipment or that of the United States; (4) who provides liability insurance; (5) who pays social security tax; (6) whether federal regulations prohibit federal employees from performing such contracts; and (7) whether the individual has authority to subcontract to others.

*Curry v. United States*, 97 F.3d 412, 414 (10th Cir. 1996) (quoting *Lilly v. Fieldstone*, 876 F.2d 857, 859 (10th Cir. 1989)).  Other factors include whether annual leave is provided, the length of time the person has worked, whether the person is paid by the job or by time, the manner in which employment is terminated, and whether retirement benefits are accumulated.  *Lambertsen v. Utah Department of Corrections*, 79 F.3d 1024, 1028 (10th Cir. 1996)(citation omitted). Moreover, the Supreme Court "has indicated that detailed regulations and inspections are no longer evidence

of an employee relationship." *Letnes v. United States*, 820 F.2d 1517, 1518 (9th Cir. 1987)(citations omitted).  In fact, a very lengthy and detailed contract suggests the existence of an independent contractor relationship.  *Curry*, 97 F.3d at 415 (citation omitted).  Ultimately, the Court examines "the totality of circumstances surrounding the working relationship between the parties." *Lambertsen*, 79 F.3d at 1028.

UC has a contract with the DOE to manage and operate LANL for the DOE.  Declaration of Contracting Officer, Defendant's Ex. B (attached to Memorandum in Support (Doc. No. 27)).  The UC-DOE contract is extensive and provides UC with the authority to subcontract to perform the UC-DOE contract, factors favoring a finding of an independent contractor relationship.  Moreover, the Plaintiff has not come forward with evidence which shows that there is a genuine issue of material fact with respect to the factual conclusion that the DOE through Defendant Cary did not supervise the day-to-day physical work of the LANL employees in the Life Sciences Division where the Plaintiff worked.  Considering the totality of the circumstances, I conclude as a matter of law that UC is an independent contractor.  *See Curry*, 97 F.3d at 414 (whether an entity or person is an independent contractor is a question of law).  *See also Dyer v. United States*, 96 F.Supp.2d 725, 733-34 (E.D. Tenn. 2000)(Lockheed has an independent contract with DOE to manage and operate the Oak Ridge Facility); *Bramer v. United States*, 595 F.2d 1141, 1142-43 (9th Cir. 1979)(assuming that UC is an independent contractor responsible for managing and operating LANL).

Furthermore, the Plaintiff states in her Complaint at ¶1 that she is employed by LANL.  In addition, UC apparently paid social security taxes and annual salaries for the Plaintiff and Defendant Cary for several years.  They both accumulated annual leave with UC and paid into the

UC retirement system.  The Plaintiff and Defendant Cary also had to take an oath of allegiance to the State of California before being employed by UC. Clearly, the Plaintiff and Defendant Cary were both employees of UC, not the DOE. The Plaintiff has failed to come forward with evidence on which a reasonable jury could base a finding that the Plaintiff and Defendant Cary were DOE employees.

The Plaintiff argues in the alternative that the single employer theory applies in this case to in effect merge the UC with the DOE.  The single employer theory has not been adopted by the Tenth Circuit although it has been applied.  *See, e.g., Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1184 (10th Cir. 1999).  There is also a question as to its applicability to governmental subdivisions.  *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 n.10 (5th Cir. 1983)(citing *Owens v. Rush*, 636 F.2d 283, 286 n.2 (10th Cir. 1980)).  For the sake of argument, I will nonetheless analyze this case under the single employer theory.

> [T]he court evaluates four factors to determine whether two entities are so interrelated that it is appropriate to consider them one employer under Title VII.  The factors are:  (1) interrelated operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership.  Of these, centralized control over labor relations is the most important factor.

*Lambertsen*, 79 F.3d at 1029 (citations omitted).  Although there are arguably some interrelated operations between UC and DOE, there is no evidence of common management nor is there evidence of centralized control of labor relations.  The single employer theory does not apply to this case. In sum,  the Title VII claim against the DOE is subject to summary judgment.

6

    2. Whether the Plaintiff exhausted her administrative remedies with respect to the Title VII claim against the DOE.

The DOE also argues that even if the Plaintiff is considered a federal employee for 42 U.S.C. §2000e-16 purposes, she failed to exhaust her administrative remedies with respect to her Title VII claim against the DOE. Since I concluded that the Plaintiff is not a federal employee, it is unnecessary to address this exhaustion of administrative remedies issue.

    3. Whether the Court lacks jurisdiction over the tort claims against the DOE.

The DOE argues that this Court lacks jurisdiction over the tort claims against the DOE for three reasons: 1) Plaintiff's failure to exhaust administrative remedies under the FTCA; 2) the FTCA does not apply to the negligence of employees of an independent contractor; and 3) the FTCA specifically excludes intentional torts from the waiver of governmental immunity. The Plaintiff does not rebut these arguments of lack of jurisdiction. Instead, the Plaintiff states the following:

> The DOE has yet to file its Answer in this matter. If the Court denies [sic] the DOE's Supplemental Motion to Dismiss, Plaintiff An should be permitted to reconfigure its [sic] jurisdictional allegations to support her claims.

Response to United States Department of Energy's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. No. 203) at 11, filed March 28, 2001. This response is essentially a concession that this Court lacks jurisdiction over the tort claims against the DOE. *See, e.g.,* D.N.M. LR-Cv 7.5(b)(failure to file a response "constitutes consent to grant the motion."). Accordingly, the tort claims against the DOE should be dismissed with prejudice.

IT IS ORDERED that the Defendant United States Department of Energy's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) or, in the Alternative, Motion for

Summary Judgment (Doc. No. 26) is granted under Fed. R. Civ. P. 56.

IT IS FURTHER ORDERED that the Plaintiff's Title VII and tort claims against the DOE will be dismissed with prejudice and this lawsuit will dismissed as to the DOE.

_____
CHIEF UNITED STATES DISTRICT JUDGE