IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIYAN AN,

    Plaintiff,

vs.                                                     Civ. No. 00-147 JP/WWD (ACE)

REGENTS OF THE UNIVERSITY
OF CALIFORNIA d/b/a LOS ALAMOS
NATIONAL LABORATORY, UNITED
STATES DEPARTMENT OF ENERGY,
ROBERT CARY, MORTON BRADBURY,
and JOHN E. "JACK" FOLEY,

    Defendants.

MEMORANDUM OPINION AND ORDER

On December 19, 2000, Defendants Regents of the University of California d/b/a Los Alamos National Laboratory, Morton Bradbury, and John E. "Jack" Foley (the Lab Defendants) filed the University's, Morton Bradbury's, and John Foley's Motion to Dismiss on the Basis of Eleventh Amendment Immunity and Supporting Memorandum (Doc. No. 113).  Having reviewed the parties' briefs, I find that the Lab Defendants' motion to dismiss should be granted in part.

A.  Background

This is a sexual harassment case brought by a female employee of the Los Alamos National Laboratory (LANL) against several defendants.  The Plaintiff brings the following claims against the Defendant Regents of the University of California d/b/a LANL (UC Board of Regents):  sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended; sexual harassment, sex discrimination, and retaliation in violation of the New Mexico Human Rights Act (NMHRA); and intentional infliction of emotional distress.  The

Plaintiff brings the following claims against Defendants Bradbury and Foley: negligent supervision, and aiding and abetting.

The Lab Defendants contend that the Eleventh Amendment bars the Plaintiff's state law claims against the Lab Defendants. The Plaintiff argues that the Lab Defendants are not entitled to Eleventh Amendment immunity, or in the alternative, that the Lab Defendants have waived any entitlement to Eleventh Amendment immunity.

B. Discussion

    1. Whether the UC Board of Regents is entitled to Eleventh Amendment immunity.

Under the Eleventh Amendment, an unconsenting State is immune from suit in federal court. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Eleventh Amendment immunity extends to "the state, its instrumentalities, and its officers in their official capacities." *See Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988). Whether an entity is protected by the Eleventh Amendment turns on "'whether the entity is to be treated as an arm of the State partaking of the State's Eleventh Amendment immunity, or is instead to be treated as a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend.'" *See id*. (quoting *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)). To ascertain whether the UC Board of Regents is eligible for Eleventh Amendment immunity, the Court engages in a two-part inquiry: (1) what degree of autonomy is given to the entity, as determined by the characterization of the entity by state law and the extent of guidance and control exercised by the state; and (2) to what extent does the entity rely on funding from the state treasury as opposed to independent funding. *See V-1 Oil Co. v. Utah State Dep't of Pub. Safety*, 131 F.3d 1415, 1420 n. 1 (10th Cir. 1997); *Watson v. University of Utah Medical Center*, 75 F.3d 569,

574-75 (10th Cir. 1996). Thus, although the applicability of the Eleventh Amendment is a question of federal law, a determination may only be made after considering the provisions of state law that define the entity's character. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 430 n. 5 (1997).

In *Mascheroni v. Board of Regents of University of California*, 28 F.3d 1554, 1559 (10th Cir. 1994) the Tenth Circuit concurred with the Ninth Circuit's analysis of the two part inquiry in *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982) in which the Court of Appeals for the Ninth Circuit found that the UC Board of Regents is an arm of the State of California and therefore, entitled to Eleventh Amendment immunity. Relying on *Jackson*, the Tenth Circuit held that the UC "Board of Regents is clothed with Eleventh Amendment immunity." *See also Lujan v. Regents of University of California*, 69 F.3d 1511, 1522 (10th Cir. 1995). The Ninth Circuit also recently affirmed that since UC is an arm of the State of California it is entitled to Eleventh Amendment immunity. *Doe v. Lawrence Livermore Nat. Laboratory*, 131 F.3d 836, 838 (9th Cir. 1997). The UC Board of Regents is clearly entitled to Eleventh Amendment immunity.[1]

 2. Whether Defendants Bradbury and Foley are entitled to Eleventh Amendment immunity.

The Plaintiff contends that Defendants Bradbury and Foley are not entitled to Eleventh Amendment immunity because the claims against them seek individual liability for conduct which was arguably outside the scope of their official duties. If the claims against Defendants Bradbury

---

[1] The Plaintiff suggests that the Court hold an evidentiary hearing on whether the UC Board of Regents should be considered an arm of the State of California. Because the Tenth and Ninth Circuit caselaw unambiguously holds that the UC Board of Regents is entitled to Eleventh Amendment immunity, there is no need to hold an evidentiary hearing on the "arm of the state" issue.

and Foley are subject to dismissal on the basis of official capacity, the Plaintiff asks the Court to allow her to amend the Complaint to make individual capacity claims.

The Complaint does not specify in what capacity the Plaintiff is suing Defendants Bradbury and Foley.  "[W]here the complaint fails to specify the capacity in which the government official is sued, we look to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability." *Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993) (citations omitted). Although the caption may be informative, it is not dispositive in discerning whether a defendant is being sued in his or her personal or official capacity.  *Id*.  Factors indicative of suit in a personal capacity include suing for punitive damages and raising the defense of qualified immunity. *Id.*

The Lab Defendants note that service of process on Defendants Bradbury and Foley actually was made on the UC Board of Regents' counsel, not on the individuals.  This method of service of process, however, cannot be interpreted as necessarily precluding an individual capacity lawsuit.  To further bolster their argument that the Plaintiff sued Defendants Bradbury and Foley only in their official capacities, the Lab Defendants point to Paragraph 6 of the Complaint which states that:

> At all times material hereto, Defendant Bradbury was employed by LANL as the Life Science ("LS") Division Leader in charge of all eight (8) Groups within the LS Division. Defendant Bradbury was also a managerial employee in the position to act on behalf of Defendants UC and/or DOE.

Paragraph 7 of the Complaint further states that:

> At all times material hereto, Defendant Foley was employed by LANL in the Employment Relations Division.  Defendant Foley was also a managerial employee in the position to act on behalf of Defendants UC and DOE.

Paragraph 95 of the Complaint also states that "neither Defendant Bradbury nor Defendant Foley, who were both acting within the scope of their employment at LANL, failed [sic] to take the action required by each of them pursuant to LANL's Administrative Manual." These paragraphs do not preclude an individual capacity lawsuit. The capacity in which a defendant is sued need not be the capacity in which the defendant was acting when the alleged violation of state law occurred. *Pride*, 997 F.2d at 716 n.2. In addition, the aiding and abetting claim asks for an award of punitive damages which is not generally available in official capacity lawsuits. Moreover, both the negligent supervision and aiding and abetting claims seek monetary relief, which is precluded in official capacity lawsuits. *See Edelman v. Jordan*, 415 U.S. at 663. I conclude that the Plaintiff intended to sue Defendants Bradbury and Foley in both their official and individual capacities. Hence, only the official capacity claims are subject to dismissal under the Eleventh Amendment.

    3. Whether the Lab Defendants' waived Eleventh Amendment immunity.

The test for determining whether a state has waived the protection of the Eleventh Amendment against suit in federal court is a stringent one. *Port Authority Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305 (1990). A federal court should find waiver of Eleventh Amendment immunity "'only when the waiver is stated by the most express language or by such overwhelming implication from the text as [to] leave no room for any other reasonable construction.'" *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 239-40 (1985)(quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)).

In this case, the Lab Defendants have not expressly or by overwhelming implication waived their Eleventh Amendment immunity. The Plaintiff, however, contends that by belatedly

5

raising the issue of Eleventh Amendment immunity in this motion to dismiss, the Lab Defendants have in effect waived the personal privilege of Eleventh Amendment immunity.  The Plaintiff relies on *Hill v. Blind Industries and Services of Maryland*, 179 F.3d 754 (9th Cir. 1999) to support this contention and the argument that the Eleventh Amendment is an affirmative defense which cannot be raised at anytime in the lawsuit like a jurisdictional bar.  The Tenth Circuit has resolved the facial tension between cases that characterize Eleventh Amendment immunity as a jurisdictional bar and those which characterize Eleventh Amendment immunity as an affirmative defense by holding "that once effectively asserted [Eleventh Amendment] immunity constitutes a bar to the exercise of federal subject matter jurisdiction."  *Fent v. Oklahoma Water Resources Bd.*, 235 F.3d 553, 559 (10th Cir. 2000).  The Tenth Circuit, therefore, has decided to treat Eleventh Amendment immunity as a jurisdictional bar, not a personal privilege.  That being the case, the Lab Defendants could assert Eleventh Amendment immunity at any time.  *See, e.g., Cisneros v. Wilson*, 226 F.3d 1113, 117-18 (10th Cir. 2000)(assertion of Eleventh Amendment immunity for first time in appellate oral argument is not untimely).  The Lab Defendants have not waived their Eleventh Amendment immunity.

    IT IS ORDERED that University's, Morton Bradbury's, and John Foley's Motion to Dismiss on the Basis of Eleventh Amendment Immunity and Supporting Memorandum (Doc. No. 113) is granted in part.

    IT IS ALSO ORDERED that the following claims will be dismissed:

    1.  the NMHRA and intentional infliction of emotional distress claims against the UC Board of Regents; and

    2.  the negligent supervision, and aiding and abetting claims against Defendants Bradbury and Foley in their official capacities.

                                                 _____
                                              CHIEF UNITED STATES DISTRICT JUDGE