IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIYAN AN,

    Plaintiff,

vs.                                                                    Civ. No. 00-147 JP/WWD-ACE

REGENTS OF THE UNIVERSITY OF
CALIFORNIA d/b/a LOS ALAMOS
NATIONAL LABORATORY, MORTON
BRADBURY, and JOHN E. "JACK" FOLEY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On June 26, 2001, Defendants Regents of the University of California, Foley, and Bradbury (Defendants) filed an Itemized Cost Bill (Doc. No. 265). On August 22, 2001, the Clerk taxed costs against the Plaintiff in the amount of $6,082.07. Clerk's Order Settling Costs (Doc. No. 273). The taxed costs consisted of $4,006.34 for deposition costs, $1,817.41 for an interpreter's costs, $80.00 for witness fees, and $178.32 for copying medical records. On September 10, 2001, the Plaintiff filed her Application for Review of Order by Clerk of Court Settling Costs (Doc. No. 275). The Plaintiff contests the entire amount of costs which the Clerk taxed against her.

The district court reviews *de novo* the Clerk's settling of costs. *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 232-33 (1964). The district court exercises its discretion in determining the final award of costs. *Id.* Although the district court has broad discretion to award costs, that discretion is limited by the presumption that the district court awards costs to the prevailing party. *Cantrell v. International Brothers of Elec. Workers*, AFL-CIO, Local 2021, 69

F.3d 456, 458-59 (10th Cir. 1995). "'The burden is on the [nonprevailing party] to overcome the presumption in favor of the prevailing party.'" *Id*. at 459 (quoting 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §2668 at 201 (2nd ed.)). However, the burden is on the prevailing party to establish the amount of the costs he or she is entitled to. *English v. Colorado Dept. of Corrections*, 248 F.3d 1002, 1013 (10th Cir. 2001)(citations omitted).

The Plaintiff argues first that the relative resources of the parties warrant no assessment of costs against her. It is not an abuse of discretion for a district court to deny costs when the nonprevailing party is indigent. *Cantrell*, 69 F.3d at 459 (citation omitted). The Plaintiff, however, does not allege nor does she demonstrate that she is indigent. Rather, the Plaintiff argues that the Court must consider the relative resources of the parties in determining costs. The Tenth Circuit rejected this argument by adopting the rationale in *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 448 (4th Cir. 1999). *Johnson v. Oklahoma, ex rel. University of Oklahoma Bd. of Regents*, 2000 WL 1114194 *3 (10th Cir.). *Cherry* stated that

> [relying on the] parties' comparative economic power ... would almost always favor an individual plaintiff ... over [the] employer defendant .... [T]he plain language of Rule 54(d) does not contemplate a court basing awards on a comparison of the parties' financial strengths. To do so would not only undermine the presumption that Rule 54(d)(1) creates in prevailing parties' favor, but it would also undermine the foundation of the legal system that justice is administered to all equally, regardless of wealth or status.

The Plaintiff argues next that no costs or only minimal costs should be imposed against a Title VII plaintiff. The Tenth Circuit has likewise rejected this argument. "[A] civil rights plaintiff is not entitled to heightened protection from taxation of costs pursuant to [28 U.S.C.] §1920." *English*, 248 F.3d at 1013 (citing *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190,

2

1204 (10th Cir. 2000) (upholding "traditional presumption in favor of awarding costs, regardless of whether the prevailing party is a defendant in a civil rights case.")). *See also Barber v. T. D. Williamson, Inc.*, 254 F.3d 1223, 1233 (10th Cir. 2001) ("In a Title VII case, a trial court has the power to award costs pursuant to Federal Rule of Civil Procedure 54(d)(1).").

With respect to the deposition costs, the Plaintiff argues that the costs related to Min-U-Script copies of transcripts, ASCII disks, and court reporter exhibits and/or exhibit tabs should not be taxed as costs because those costs were incurred for counsel's convenience. In addition, the Plaintiff argues that she should not be taxed for the costs related to copies of deposition transcripts when the original transcripts were available to the Defendants. Finally, the Plaintiff argues that it is unclear that the Court used every deposition transcript she was taxed for in connection with the Defendants' motion for summary judgment.

Deposition costs are recoverable if they are "necessarily obtained for use in the case." 28 U.S.C. §1920(2), (4). The Tenth Circuit has "stated that this definition authorizes recovery of costs with respect to all depositions reasonably necessary to the litigation of the case." *Furr v. AT & T Technologies, Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987)(quotation marks and citation omitted). Whether a deposition cost was reasonably necessary is measured "in light of the facts known to the parties at the time the expenses were incurred." *Callicrate v. Farmland Industries, Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998). The Local Rules define a "reasonably necessary" deposition as a deposition which the Court used in ruling on a motion for summary judgment or a deposition which the Court determines is reasonably necessary. D.N.M. LR-Cv 54.2(b)(2).

The Plaintiff was taxed for one ASCII disk in the amount of $5.00 in relation to Zhe Jin's deposition. The Court finds that the ASCII disk was not reasonably necessary since the

Defendants also possessed the original deposition transcript for Zhe Jin.  Accordingly, the $5.00 charge for the ASCII disk will be disallowed.  The Court finds, however, that the Min-U-Script copies of deposition transcripts were reasonably necessary because they were the only copies made.  Moreover, the Plaintiff has failed to show that the Min-U-Script copies of the transcripts were necessarily more expensive than some other version of the copies of the deposition transcripts.

With respect to the exhibits and/or exhibit tabs to the deposition transcripts, the Plaintiff argues that copies of the exhibits were typically provided to counsel at no charge at the depositions.  The Defendants, however, note that most of the depositions were taken by the Plaintiff who decided to attach the exhibits to the deposition transcripts.  The Defendants also contend that the copies of exhibits were necessary to establish the proper record.  The Court agrees with the Defendants that the exhibits and/or exhibit tabs were reasonably necessary to establish a proper record.  Moreover, the Plaintiff was to blame for some of the duplication of copies of exhibits.

The Plaintiff further argues that she should not be taxed for the costs of copies of deposition transcripts when the original transcripts were available.  The Defendants state that the Plaintiff was not taxed for a copy of the Plaintiff's own deposition transcript because the Defendants were charged only for the original transcript.  A copy of the Plaintiff's deposition transcript was provided to the Defendants at no additional charge.  The Defendants argue that they had to order copies of the other deposition transcripts because the original transcripts were sealed under Fed. R. Civ. P. 30(f)(1) and held by the Plaintiff's counsel.  Rule 30(f)(1) allows the court reporter to furnish a copy of the deposition transcript "[u]pon payment of reasonable charges."

Under these circumstances, the Court finds that the costs for copies of the deposition transcripts were reasonably necessary.

The Court also finds that all of the deposition transcripts which the Clerk taxed to the Plaintiff were used by the Court in ruling on the motion for summary judgment. Consequently, under the Local Rules, those depositions were reasonably necessary to this litigation. D.N.M. LR-Cv 54.2(b)(2). In sum, except for the $5.00 fee for the ASCII disk, the Plaintiff should be taxed for the deposition costs in the amount of $4,001.34.

The Plaintiff also contests being taxed for the interpreter's fees. The Plaintiff argues that the Court did not use Zhe Jin's translated deposition transcript in deciding the motion for summary judgment. This argument is without merit. The Court examined and used Zhe Jin's testimony in deciding the motion for summary judgment. The Plaintiff also argues that the Defendants have not supported with a factual basis their contention that they could not find a suitable Mandarin Chinese interpreter in New Mexico thereby forcing the Defendants to obtain an interpreter from California. The Defendants state that the Plaintiff's counsel demanded an interpreter although the Plaintiff and Zhe Jin could speak English. Nonetheless, the Court finds that the Defendants have not justified the cost of having an interpreter from California translate at the Plaintiff's deposition in Albuquerque, New Mexico. The Court will, therefore, disallow $1,312.41 in interpreter costs and will allow only $505.00 for interpreter costs.

Next, the Plaintiff argues that the witness fees for the deposition of Zhe Jin on two occasions totaling $90.00 should be disallowed because Plaintiff's counsel agreed to voluntarily produce Zhe Jin without a subpoena or witness fee. The court record, however, indicates that Plaintiff's counsel agreed to accept service on Zhe Jin's behalf and to arrange for Zhe Jin's

deposition. *See* Order at 3 (Doc. No. 131), filed Jan. 11, 2001. Counsel did not agree to waive the witness fee for *per diem* expenses. The Defendants' Itemized Cost Bill (Doc. No. 265), filed June 26, 2001, appears to be asking only for Zhe Jin's *per diem* costs, not for any service of process costs. Under 28 U.S.C. §1821(b), the Defendants would be entitled to $40.00 a day for Zhe Jin's *per diem* costs, i.e., $80.00.

Lastly, the Plaintiff complains that she was improperly taxed for the cost of copying medical records. The Plaintiff contends that she provided the Defendants with medical records, except for those medical records relating to her pregnancy. The Plaintiff also contends that the copying charges related to Dr. Ellen Franklin's personal papers should not be taxed because the Plaintiff provided those papers at Dr. Franklin's deposition. The Plaintiff further contends that the pregnancy records and Dr. Franklin's papers were not used by the Defendants in this case.

The Defendants argue that it was necessary to obtain all of the Plaintiff's medical records in order to verify that the Plaintiff was not withholding relevant medical records. In fact, Judge Deaton ordered the Plaintiff to sign a medical records disclosure authorization and to produce all medical records in her possession for medical treatment or services rendered to her in the past ten years. Memorandum Opinion and Order (Doc. No. 85), filed Oct. 27, 2000. 28 U.S.C. §1920(4) allows for the taxation of fees for "copies of papers necessarily obtained for use in the case." The Court finds that although there was some duplication of copying, it was necessary for the Defendants to obtain a complete set of medical records to determine what damages the Plaintiff could claim.

The Defendants contend that with regard to Dr. Franklin's papers, the Plaintiff did not produce her treatment notes until the start of her deposition. Consequently, the court reporter

attached those documents to the deposition transcript.  The Court finds that Dr. Franklin's treatment notes were also necessary in determining damages.  The fact that the Plaintiff did not produce Dr. Franklin's treatment notes sooner to avoid further copying costs is the Plaintiff's fault.  The Defendants should not be penalized for the Plaintiff's tardiness.  The Court finds that the costs for copying the medical records totaling $178.32 should be allowed.

IT IS ORDERED that:

1.  Plaintiff's Application for Review of Order by Clerk of Court Settling Costs (Doc. No. 275) is granted in part; and

2.  the Plaintiff is taxed costs in the a total amount of $4,764.66 comprised of deposition costs of $4,001.34, interpreter's cost of $505.00, witness fees of $80.00, and medical record copying costs of $178.32.

_____
CHIEF UNITED STATES DISTRICT JUDGE